UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-22112-BLOOM/VALLE

FLORENCIO ROS and VICTORIA ROS,

    Plaintiffs,

v.

LASALLE BANK NATIONAL ASSOCIATION,
As Trustee for First Franklin Mortgage Loan Trust,
Mortgage Loan Asset-Backed Certificates, Series
2007-FF1, FIRST FRANKLIN, a Division of
National City Bank, and BANK OF AMERICA, N.A.,

    Defendants.

_____/

**CONSOLIDATED ORDER ON DEFENDANTS' MOTIONS TO DISMISS**[1]

This matter is before the Court upon Defendant Bank of America N.A.'s Corrected Motion to Dismiss with Prejudice [ECF No. 4] and Defendants LaSalle Bank National Association and First Franklin's Motion to Dismiss [ECF No. 11]. The Court has reviewed the motions, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now **GRANTS** Defendants' Motions.

**I. INTRODUCTION**

Plaintiffs Florencio and Victoria Ros ("Plaintiffs") bring an action for quiet title to real property located at 7681 N.W. 165th Terrace, Miami, Florida 33015 (the "Subject Property"). ECF No. [1-2] at 3 ¶ 1. On November 22, 2006, Plaintiffs borrowed $599,000.00 from

---

[1] Because the motions present the same issues, the Court has consolidated the motions.

1

Defendant First Franklin, executing a mortgage on the Subject Property (the "Mortgage"), which was subsequently recorded in the Official Records Book 25163, Page 4319 of the Public Records of Miami-Dade County, Florida.  *See id.* at 5 ¶ 11, 9.  Two years later, on September 17, 2008, Defendant LaSalle Bank National Association filed a foreclosure action, thereby accelerating the amounts due on the note.[2]  *Id.* at 5 ¶ 13; ECF No. [4] at 3 ¶ 6.  On or about March 29, 2011, the foreclosure action was voluntarily dismissed.  *Id.* at 6 ¶ 15.  Now, in this action filed on October 16, 2013, Plaintiffs submit that Defendants are precluded from enforcing the mortgage in the future as the applicable statute of limitations has purportedly run, and, therefore, the lien has been rendered invalid and/or unenforceable.  *Id.* at 5 ¶¶ 15-16.  As a consequence of the purported invalidity of the mortgage, Plaintiffs allege that Defendants' mortgage on the Subject Property constitutes a cloud on Plaintiffs' title.  *Id.* at 5 ¶ 13.  Defendants now seek to dismiss the action under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557

---

[2] At some point prior to the filing of the initial state-court action, the mortgage was transferred to Defendant LaSalle Bank National Association, acting as trustee for Defendant First Franklin. ECF No. 1-2 at 5 ¶ 12.  For simplicity's sake, the Court refers to all Defendants collectively.

2

(alteration in original)).  The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).  While the Court is required to accept all of the allegations contained in the complaint as true, this tenet is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678.  The Supreme Court was clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

An action for quiet title accrues when an entity "asserts any claim, or pretends to have any right or title thereto, which may cast a cloud on the title of the real owner."  Fla. Stat. § 65.061(2).  Plaintiffs contend that the acceleration of the mortgage, initiated by virtue of the foreclosure action in September 2008, triggered the applicable five-year statute of limitations under § 95.11(2)(c), Florida Statutes, rendering any claim to the mortgage invalid in September 2013.  Under Plaintiffs' depiction of the facts, Defendants cannot enforce the mortgage. According to Plaintiffs, because the lien is invalid, the assertion of any claim thereto presents a cloud on their title.  However, Plaintiffs' interpretation of the law in this regard is inaccurate.  As will be discussed, it is well settled under Florida law that the dismissal of an earlier foreclosure action will not bar any subsequent enforcement of the mortgage based on continued violations of

the mortgage; a plaintiff cannot proactively diminish the enforceability of mortgage simply by asserting that the statute of limitations has run for all prior defaults.

The aforementioned statement of the law finds its roots in *Singleton v. Greymar Associates*, 882 So. 2d 1004 (Fla. 2004). Speaking to the issue of *res judicata*, the Supreme Court of Florida held that an adjudication denying foreclosure does not bar a subsequent action if the mortgagor continues to ignore her obligations on the mortgage, creating additional defaults. *Id.* at 1007. In such circumstances, the parties "are simply placed back in the same contractual relationship with the same continuing obligations." *Id.* Continuing along these lines, this Court in *Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1273-74 (S.D. Fla. 2013), adopted the *Singleton* court's reasoning, determining that a mortgagee was able to enforce the contract with respect to continuing violations of the mortgage falling within the applicable five-year statute of limitations. *Id.* In *Kaan*, the mortgagee brought a foreclosure action seeking acceleration of the entire balance after the mortgagor defaulted by nonpayment. *Id.* at 1272. After the action was voluntarily dismissed without prejudice, the plaintiff instituted a quiet title action, alleging that any recovery under the note through its maturity date was barred by the five-year statute of limitations triggered by the initial foreclosure action. *Id.* at 1272-73. This Court summarily rejected that argument, noting that any additional defaults could provide the foundation for a subsequent foreclosure action. *Id.* at 1274. More to the point, because the dismissal of the initial foreclosure action did not extinguish the mortgagee's rights, the lien could not, as a matter of law, constitute a cloud on the plaintiff's property. *Id.* (citing *Singleton*, 882 So. 2d at 1007-08). Hence, a quiet title action was unfitting. *Id.* This application of the law continues to find approval in both state and federal courts. *See Dorta v. Wilmington Trust Nat'l Ass'n*, 2014 WL 1152917, at *5-7 (M.D. Fla. Mar. 24, 2014) (finding that mortgagee could pursue defaults

occurring within the past five years despite a previously dismissed foreclosure action); *Evergrene Partners, Inc. v. Citibank, N.A.*, 2014 WL 2862392, at *1-2 (Fla. 4th DCA June 25, 2014) (affirming dismissal and determining that subsequent acts of default were not barred by the limitations period); *United States Bank Ass'n v. Bartram*, 2014 WL 1632138, at *3-6 (Fla. 5th DCA Apr. 25, 2014) (holding that "a default occurring after a failed foreclosure attempt creates a new cause of action for statute of limitations purposes, even where acceleration had been triggered and the first case was dismissed on its merits").

      The instant case presents a situation that is fundamentally the same as *Kaan*. Defendants initiated a foreclosure action, which was ultimately subjected to voluntary dismissal. Plaintiffs then initiated a quiet title action, putting forth a nearly identical argument as the plaintiff in *Kaan*, seeking to unilaterally eviscerate the mortgage and note, asserting that it is unenforceable due to the expiration of the five-year statute of limitations period.[3] However, as noted, the voluntary dismissal of the first action will not eliminate the contractual obligations created by the mortgage. *See also Romero v. SunTrust Mortgage, Inc.*, 2014 WL 1623703, at *4 (S.D. Fla. Apr. 22, 2014) (stating that voluntary dismissal demonstrated the defendant's decision "not to accelerate payment on the note and mortgage at that time") (quoting *Dorta*, 2014 WL 1152917, at *6). The statute of limitations cannot be utilized to eliminate the contractual rights of parties before an actual breach occurs. *See Allie v. Ionata*, 503 So. 2d 1237, 1242 (Fla. 1987) (noting that "because limitation statutes are procedural in character, their expiration does not affect the underlying substantive rights of the parties involved"). As a result, any subsequent defaults,

---

[3] It should be noted that Plaintiffs have ignored the procedural fact that a statute of limitations is intended to prevent the enforcement of a cause of action, not create one. *See Houck Corp. v. New River, Ltd., Pasco*, 900 So. 2d 601, 603 (Fla. 2d DCA 2005).

even after the dismissal of the first action, may still be enforced in accord with the terms of the mortgage.

Plaintiffs implore the court to disregard the virtually identical precedent presented, claiming that *Singleton* is inapplicable because it was solely concerned with the issue of *res judicata*. However, even without the implication of *res judicata*, the Court still finds merit in the aforementioned jurisprudence. Notably, the fact that Plaintiffs' prior foreclosure suit was voluntarily dismissed does not alter the reasoning found in *Kaan*, *Evergrene*, or *Bartram*; the fact that the prior case was voluntarily dismissed merely affects the applicability of *res judicata*, not the appropriateness of a statute of limitations bar. *See Evergrene Partners*, 2014 WL 2862392, at *2 (signaling the relationship between *res judicata* and voluntary dismissal). Indeed, the court in *Evergrene* held that the statute of limitations had not run on all payments due pursuant to the note, as the mortgage had not reached maturity, and, therefore, the potential future defaults were not barred by the statute of limitations. *Id.* at *1-2. The Court respectfully declines to ignore the guidance provided previously by this Court and the courts of Florida.[4]

Finally, Plaintiffs suggest that interpreting *Singleton* in the manner subscribed to by *Kaan*, *Evergrene*, and *Bartram* vitiates public policy and security, claiming that this reading results in "endless, repetitive litigation of virtually identical mortgage foreclosure claims." This Court disagrees. To permit a mortgagor to wholly void a mortgage based on a prior unsuccessful foreclosure suit, despite continuing defaults, would nullify myriad mortgages, generating

---

[4] Plaintiffs also directs the Court to *Spencer v. EMC Mortgage Corp.*, 97 So. 3d 257 (Fla. 3d DCA 2012). Asserting that *Spencer* mandates the conclusion that once the loan was accelerated, all attempts to collect on the loan would be barred after the expiration of the five-year statute of limitations, Plaintiffs aver that this decision is at odds with *Bartram* and *Evergrene*. However, while *Spencer* noted that enforcement of the mortgage was likely barred by the statute of limitations, the case did not involve a quiet title action by the plaintiff. *See id.* As such, the Court is more inclined to follow the reasoning set forth in *Kaan*, *Bartram*, and *Evergrene*.

tremendous windfall for borrowers at the severe expense of lenders.  *See also Singleton*, 882 So. 2d at 1008 (stressing that *res judicata* should not be so rigidly applied to prevent mortgagees from being able to challenge multiple defaults on a loan).

Lastly, Plaintiffs request that this Court stay the proceedings in light of the Fourth District's certification of related questions to the Florida Supreme Court in *Bartram*.  *See* 2014 WL 1632138, at *6.  Relying on *Fid. Land Trust Co., LLC v. Sec. Nat. Mortgage Co.*, 905 F. Supp. 2d 1276 (M.D. Fla. 2012), Plaintiffs claim they will suffer hardship and/or inequity if they are made to go forward.  ECF No. [15] at 14.  A court has the authority to stay or abate an action when a party has made out "a clear case of hardship or inequity in being required to go forward" even when "there is even a fair possibility that the stay will damage someone else."  905 F. Supp. 2d at 1278 (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).  However, "[t]here can be no legitimate claim of hardship or unfairness in simply being required to obey the law."  *Id.*  Accordingly, Plaintiffs' request to stay is denied.

## IV. CONCLUSION

The initial foreclosure action and acceleration of the loan in September 2008 did not otherwise extinguish Defendants' contractual rights.  As the Defendants' mortgage is not otherwise invalid or unenforceable, any interest in the subject property claimed by Defendants does not constitute a cloud on Plaintiffs' title.  Without a cloud, there can be no rain and an action for quiet title under § 65.061(2), Florida Statutes, is unsustainable.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant Bank of America N.A.'s Corrected Motion to Dismiss with Prejudice [ECF No. 4] and Defendants LaSalle Bank National Association and First Franklin's Motion to Dismiss [ECF No. 11] are **GRANTED**. This dismissal with prejudice does not bar Plaintiffs from bringing a quiet title action in the

future, so long as that action is predicated on other facts. The Clerk of Court shall **CLOSE** this case and the Court **DENIES** any pending motions as **MOOT**.

 **DONE and ORDERED** at Chambers in Fort Lauderdale, Florida, this 18th day of July 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record